UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAMELA SUE ROHLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:13-cv-00040-TWP-DML |
| ROLLS ROYCE NORTH AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION TO STAY

This matter is before the Court on Defendant Rolls Royce North America, Inc.'s ("RRNA") Motion to Stay this lawsuit until Plaintiff Pamela S. Rohler ("Ms. Rohler") pays the costs that she owes to RRNA in association with an earlier related lawsuit in this Court. This action was brought by Ms. Rohler originally against Rolls Royce Corporation ("RRC"), but was amended to name RRNA as the proper party, for employment discrimination and retaliation. Ms. Rohler previously filed suit on February 11, 2009 against both RRC and RRNA (collectively "Rolls-Royce"), and that case was removed to this Court on March 2, 2010. *See* Case No. 1:10-cv-00254-TWP-DKL. In the first action, the Court granted summary judgment in favor of Rolls-Royce, and the ruling was upheld on appeal by the Seventh Circuit. Thereafter, Rolls-Royce filed a Bill of Costs totaling $3,374.25, which was taxed by the Clerk against Ms. Rohler. To date, Ms. Rohler has not paid the Bill of Costs. RRNA now seeks a stay of this current action and an order requiring Ms. Rohler to pay the Bill of Costs or suffer dismissal. For the following reasons, RRNA's Motion to Stay (Dkt. 27) is **GRANTED**.

## I. DISCUSSION

Federal courts have generally held that a court may enter an order staying further proceedings until costs taxed in an earlier proceeding have been paid. *See Hacopian v. U.S. Dep't of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983); *Holt v. Kormann*, No. SACV 11-01047DOC (MLGx), 2012 WL 5829864, at *3 (C.D. Cal. Nov. 15, 2012); *Holden v. Ill. Tool Works, Inc.*, No. H-08-2783, 2009 WL 2865820, at *2 (S.D. Tex. Aug. 31, 2009) (listing cases); *Hilgeford v. Peoples Bank, Portland*, 110 F.R.D. 700, 702 (N.D. Ind. 1986); 9 Fed. Prac. & Proc. Civ. § 2375 (3d ed.). The rule is an extension of Federal Rule of Civil Procedure 41(d), which states that if a plaintiff previously dismissed an action then files an action "based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Courts reason that the extension of Rule 41(d) to involuntary dismissals serves the same goal of protecting defendants from the harassment of repeated lawsuits. Although the Seventh Circuit has not directly addressed this issue, the Court is persuaded by the weight of federal authority applying the rule espoused in Rule 41(d) to involuntary dismissals under the court's inherent power to order costs and dismiss actions.

In her Amended Answer to RRNA's counterclaim for payment of the Bill of Costs, Ms. Rohler admitted that she has refused to pay. In her response to the Motion to Stay, Ms. Rohler states that she has failed to pay because "the litigation is ongoing" and she is "not in a position to do so." Dkt. 29 at 3. The thrust of her argument is that while she was aware a Bill of Costs had been issued, she had never seen the actual Bill of Costs until she was deposed as part of the current action. Furthermore, she argues that RRNA never demanded payment.

The Court finds Ms. Rohler's reasoning unpersuasive. First, the taxation of the Bill of Costs to Ms. Rohler in the first action was docketed to CM/ECF on May 14, 2012. A copy of

2

both the Bill of Costs and the entry taxing it to Ms. Rohler was served electronically to Ms. Rohler's counsel of record. The Court presumes that Ms. Rohler had access to the Bill of Costs and RRNA was not required to demand payment to trigger Ms. Rohler's responsibility to pay. Second, the litigation in the first action is not ongoing. It was litigated on summary judgment, appealed to the Seventh Circuit, and final judgment was entered against Ms. Rohler. That she filed a second—separate—action has no bearing on the finality of the first action. Third, the Bill of Costs in the sum of $3,374.00 is not an exorbitant amount and she has had over a year to pay these costs. Although Ms. Rohler has stated she is not in a position to pay, she has not supported this assertion or filed request for relief from the Bill of Costs. Therefore, the Court finds that because this second action involves the same parties as and is based on the first action, it is appropriate to stay this action and order Ms. Rohler to pay the costs taxed to her in the first action.

## II. CONCLUSION

Accordingly, RRNA's Motion to Stay (Dkt. 27) is **GRANTED**. This action is **STAYED** for **45 days from the date of this Entry**. Ms. Rohler is **ORDERED** to pay the Bill of Costs in Case No. 1:10-cv-00254-TWP-DKL within **45 days of the date of this Entry**. If Ms. Rohler is unable to pay the Bill of Costs, she must instead file with the Court, within **45 days of the date of this Entry**, a statement substantiating her financial inability supported by affidavit or exhibit. If Ms. Rohler fails to either pay or file a properly supported statement of financial inability, the Court will dismiss this action.

SO ORDERED.

Date: 12/27/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

James F. Ehrenberg, Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

David M. Henn
HENN LAW FIRM P.C.
david.henn@HHCFirm.com

Paul J. Cummings
HENN LAW FIRM PC
Paul.Cummings@HHCFirm.com