UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA SUE ROHLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00040-TWP-DML |
| | ) |
| ROLLS-ROYCE NORTH AMERICA, INC., | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on several motions. First, Defendant Rolls-Royce North America, Inc. ("RRNA"), filed a Motion for Sanctions (Dkt. 32) seeking dismissal of Plaintiff Pamela Sue Rohler's ("Ms. Rohler") claims under Title VII of the Civil Rights Act. Thereafter, Ms. Rohler filed a motion seeking leave to amend her complaint (Dkt. 33) to attempt to cure the deficiencies alleged by RRNA. In the time since the motion for sanctions was filed, RRNA filed, and the parties have fully briefed, a Motion for Summary Judgment (Dkt. 38) on the same issues. The dispute in this case involves Ms. Rohler's claim that she was terminated in retaliation for filing a discrimination lawsuit against her employer. According to her employer, Ms. Rohler was terminated for violation of its Confidentiality of Company Information Policy.

Having reviewed the pending motions, the Court finds that a Rule 11 sanction is not appropriate at this juncture and summary judgment can be decided. For the reasons set forth below, RRNA's Motion for Sanctions is **DENIED** and RRNA's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part**. Additionally, for the reasons explained below, Ms. Rohler's Motion to Amend is **GRANTED**.

# I. BACKGROUND

## A. Adherence to Local Rule 56-1

As an initial matter, the Court will address Ms. Rohler's failure to adhere to the Local Rules. On summary judgment, the facts are considered in the light most favorable to the non-movant. Additionally, Local Rule 56-1(b) instructs a non-movant to include a "Statement of Material Facts in Dispute" that "identifies the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment." Local Rule 56-1(f)(1)(A) states that the Court will assume that the "facts as claimed and supported by admissible evidence by the movant are admitted without controversy except to the extent that . . . the non-movant specifically controverts the facts in that party's 'Statement of Material Facts in Dispute' with admissible evidence[.]" Finally, the Court will also assume that facts a non-movant asserts "are true to the extent admissible evidence supports them." L.R. 56-1(f)(2).

RRNA has submitted a properly supported "Statement of Material Facts Not in Dispute," but Ms. Rohler's "Statement of Material Facts in Dispute" does not specifically identify or controvert any of RRNA's facts. Further, some of the facts alleged by Ms. Rohler are not supported by admissible evidence. For example, Ms. Rohler states "facts" about the management structure of RRNA and Rolls-Royce Corporation ("Rolls-Royce"), but cites to her own affidavit for support. Ms. Rohler's affidavit does not contain a sufficient showing of personal knowledge to maintain her statements. Thus, the Court must disregard Ms. Rohler's factual assertions that are not supported by admissible evidence filed with the Court. It further accepts RRNA's "Statement of Material Facts Not in Dispute" as true for the purposes of this motion.

**B.     Factual Background**

Ms. Rohler worked for non-party Rolls-Royce from August 1999 until November 2008. Rolls-Royce is a distinct corporate entity and is a subsidiary of RRNA. In September 2008, Ms. Rohler filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against both Rolls-Royce and RRNA. Shortly thereafter, in November 2008, Ms. Rohler transferred from her position at Rolls-Royce to the position of Senior Financial Analyst with RRNA.

Between November 2008 and March 2012, as an employee of RRNA, Ms. Rohler received regular salary increases. Specifically she went from $89,981.00 to $100,698.00 in that time frame. She also received an overall performance rating of "meets required performance" on two written reviews.

Also in November 2008, the EEOC dismissed the charge Ms. Rohler had filed against Rolls-Royce and RRNA. Thereafter, in February 2009, Ms. Rohler filed a four-count complaint against RRNA and Rolls-Royce, which alleged that both entities had discriminated and retaliated against her.[1] In March 2012, this Court granted RRNA's and Rolls-Royce's joint motion for summary judgment on Ms. Rohler's claims. The Clerk of Court also issued a $3,374.25 bill of costs to be paid by Ms. Rohler to RRNA.

After this Court granted summary judgment, Ms. Rohler terminated her attorney, filed an appeal and began representing herself *pro se*. On July 2, 2012, she filed a Motion to Add Missing Deposition Pages and Discovery Exhibits to Docket ("Motion to Add") to her appellate record. Included in the exhibits were documents that contained confidential RRNA financial information. The documents had not been requested by Ms. Rohler or produced by RRNA during

---
[1] Case No. 1:10-CV-00254-TWP-TAB ("the February 2009 lawsuit").

the action's discovery phase. Rather, Ms. Rohler obtained the documents from RRNA's "SAP" centralized database through her position as a Senior Financial Analyst. Importantly, she did not receive permission to publicly file them in the legal action.

After RRNA learned that Ms. Rohler had filed the confidential documents, she was called into a meeting with her supervisor Pamela White ("Ms. White") and Human Resources Business Partner Tracey McCoy ("Ms. McCoy"). During the meeting, Ms. Rohler admitted to taking the documents from RRNA's SAP database. Ms. McCoy told Ms. Rohler that using her position as an RRNA employee to collect RRNA information for her lawsuit was a serious violation of RRNA's Confidentiality of Company Information Policy ("Policy"). The Policy provides in part:

> You should not use or disclose to any person or entity any company proprietary information acquired during the course of your employment. Also, you should not, directly or indirectly, copy, take or remove from your work site, any of the company's books, records, customer lists or any other documents or materials. . . . If you have any questions about what material is considered company proprietary, ask your supervisor or manager. Improper disclosure of company proprietary information will lead to disciplinary action, up to and including termination of employment.

Dkt. 40-2 at 16–17. Ms. Rohler was then suspended with pay pending an investigation. On July 13, 2012, Ms. Rohler met with Ms. White and Ms. McCoy. Ms. McCoy reiterated that Ms. Rohler had committed a serious violation of the Policy. Ms. Rohler was then terminated effective the same day.

As for her appeal of the February 2009 lawsuit, the judgment of the district court was affirmed on May 15, 2013.

## C. Procedural Background

In the aftermath of the July 13, 2012 termination, Ms. Rohler filed a charge with the EEOC in August 2012 against Rolls-Royce alleging retaliation. Significant to this dispute, she

4

did not name RRNA in her EEOC charge. After receiving a right to sue letter, Ms. Rohler filed this action on January 8, 2013 against Rolls-Royce (Dkt. 1). Counsel R. Anthony Prather and James F. Ehrenberg, Jr. filed Appearances on behalf of Rolls-Royce, and Rolls-Royce answered the Complaint on February 18, 2013 (Dkt. 10). In its Answer, Rolls-Royce denied that it was Ms. Rohler's employer in July 2012, and stated that Ms. Rohler was employed by RRNA. It also admitted that Ms. Rohler had filed a charge of discrimination with the EEOC against it.

On February 19, 2013, Ms. Rohler filed an Amended Complaint (Dkt. 11) substituting RRNA as Defendant, but still alleged that an EEOC charged had been filed against "Defendant." RRNA was not separately served, nor did any counsel file an appearance on behalf of RRNA. Instead, counsel for Rolls-Royce continued to participate in this action on behalf of RRNA. In particular, counsel participated in the initial pretrial conference on March 21, 2013 and by filing a motion for leave to file an Amended Answer and Counter Claim on May 3, 2013. The Amended Answer was accepted on May 22, 2013 (Dkt. 22). However, the Amended Answer did not "change any of the substantive responses from Defendant's original Answer to Plaintiff's Complaint," Dkt. 22 at 1, despite that RRNA had been substituted as a party. Thus, RRNA admitted in the Amended Answer that Ms. Rohler filed a charge of discrimination with the EEOC against "Defendant"—which was named in the Amended Complaint's caption as RRNA. It further denied the allegation that Ms. Rohler was "employed as Purchase Finance Business Partner for the Defendant," Dkt. 22 at 3, because "Plaintiff was employed as a Purchase Partner for [RRNA]—<u>not</u> [Rolls-Royce]." Dkt. 22 at 3.

On June 26, 2013, RRNA moved to stay the action until Ms. Rohler paid the bill of costs issued after resolution of the February 2009 lawsuit. It subsequently filed its Motion for

5

Sanctions and Motion for Summary Judgment. On December 27, 2013, the Court granted the stay. Ms. Rohler eventually paid the bill of costs and the stay was lifted on February 3, 2014.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. DISCUSSION

The Court will first address RRNA's Motion for Sanctions and then address the claims on summary judgment. Finally, the Court will address Ms. Rohler's Motion to Amend.

**A. Motion for Sanctions**

Pursuant to Federal Rule of Civil Procedure 11(b), a lawyer who presents to the court a pleading, motion, or other paper represents that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

RRNA asks the Court to find under Rule 11 that Ms. Rohler's failure to exhaust her administrative remedies with the EEOC warrants the sanction of dismissal. RRNA contends that Ms. Rohler and her counsel have violated Rule 11(b) by not voluntarily dismissing the action when RRNA raised the deficiencies of exhaustion. However, "Rule 11 does not require litigants to surrender in the face of defeat." *Samuels v. Wilder*, 906 F.2d 272, 275 (7th Cir. 1990). The record supports that Ms. Rohler and counsel reasonably presented her claim in this Court against RRNA. As will be discussed in further detail below, there has been a blurring of the line between Rolls-Royce and RRNA in this litigation reaching back to the charge before the EEOC. It appears to the Court that both parties have engaged in sloppy litigating by failing to properly identify the relevant party in pleadings. Given the mistakes on both sides, a sanction is simply unwarranted—especially a sanction of dismissal.

Additionally, RRNA seeks attorney's fees under 28 U.S.C. § 1927, which authorizes a court to award fees when counsel's conduct "multiplies the proceedings in any case unreasonably and vexatiously." "Pressing a claim even after its emptiness became pellucid must be described as vexatious." *Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 809 (7th Cir. 2003).

RRNA argues that Ms. Rohler's failure to dismiss her procedurally defective claim results in vexatious litigation. The Court disagrees. Here Ms. Rohler's position that RRNA had notice of her EEOC claim and opportunity to conciliate is reasonable and supported. There are not such obvious deficiencies that warrant the award of attorney's fees under 28 U.S.C. § 1927. Therefore, RRNA's motion for sanctions is **DENIED**.

**B.     Motion for Summary Judgment**

RRNA seeks summary judgment on two grounds. First, that Ms. Rohler failed to exhaust her administrative remedies by not filing a charge with the EEOC against RRNA. Second, that she was discharged for a legitimate and non-retaliatory purpose.

   **1.     Exhaustion of Administrative Remedies**

"Prior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, 42 U.S.C. § 2000e-5(f)(1), and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). The requirement gives an employer fair warning of the claims against it, and "affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Id.* In *Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905 (7th Cir. 1981) the Seventh Circuit recognized an exception where "the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." To meet the exception, a plaintiff must allege that the party "had notice of the EEOC charge against it and an opportunity to participate in conciliation proceedings." *Alam*, 709 F.3d at 666.

RRNA contends that the facts of this case are analogous to those in *Alam*, and like in *Alam*, Ms. Rohler's claims should be dismissed and summary judgment granted. In *Alam*, the plaintiff engaged in a business relationship with MillerCoors, parent company of Miller Brewing. *Id.* at 664. The plaintiff had previously worked for and engaged in litigation with Miller Brewing. As part of a settlement agreement, he agreed not to work for any parent of Miller Brewing. When MillerCoors became aware of this agreement, it ended its relationship with the plaintiff. *Id.* at 665. Thereafter, the plaintiff filed an EEOC charge against MillerCoors, but did not name Miller Brewing. He later filed suit against both MillerCoors and Miller Brewing. The district court dismissed Miller Brewing because the plaintiff failed to exhaust his administrative remedies by filing a charge with the EEOC naming Miller Brewing. The Seventh Circuit affirmed. *Id.* at 667. The Seventh Circuit found that the plaintiff's complaint lacked any facts alleging that Miller Brewing had notice of the EEOC charge, even after given leave to amend. *Id.*

RRNA presents a good argument; however, the Court is not persuaded. *Alam*, while similar, is easily distinguishable here. Although, as discussed above, Ms. Rohler's complaint does not specifically allege that RRNA had notice of the claim[2], she has since raised the *Eggleston* exception and its applicability in this case. The Court finds support in the record for Ms. Rohler's claims, and there is at least an issue of material fact on whether RRNA had notice of the claim. First, although this fact is not independently dispositive, it is notable that Rolls-Royce and RRNA are represented by the same counsel. As previously noted, when RRNA was substituted for Rolls-Royce in this action, new service was not filed or contested and no appearances on behalf of RRNA were filed. Second, when Rolls-Royce responded to the EEOC

---

[2] However, a strict reading of the Amended Complaint and Amended answer reveals both the allegation and admission that Ms. Rohler filed an EEOC charge against "Defendant," RRNA.

9

charge that led to this action, it did not state that it was not Ms. Rohler's employer. *See* Dkt. 46-4 at 2. Instead, the response addresses the merits of Ms. Rohler's charge on behalf of "Rolls-Royce," including providing a background of Ms. Rohler's first lawsuit against "Rolls-Royce," and her job transfer to "RRNA." It goes on to describe how Ms. Rohler violated "Rolls Royce's" Policy "found in the [RRNA] Handbook." Dkt. 46-4 at 3. It then states that "Rolls-Royce" conducted an internal investigation and terminated Ms. Rohler. The response then argues the merits of Ms. Rohler's claim of retaliation.

The Court finds that Ms. Rohler has at least established a genuine issue of material fact as to whether RRNA had notice of the EEOC claim. For example, if Rolls-Royce and RRNA are completely distinct entities, Rolls-Royce's response to the EEOC could have noted the distinction. Instead, the response written *on behalf of Rolls-Royce* contained complete knowledge and details about Ms. Rohler's termination from *RRNA*, indicating that at least some communication had taken place regarding the facts of the EEOC charge between counsel and RRNA. At this stage, summary judgment on this ground would not be warranted.

**2. Retaliation Claim**

"Unlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination." *Rogers v. City of Chi.*, 320 F.3d 748, 753 (7th Cir. 2003) (citations omitted). Discrimination and retaliation claims are distinct, and "a claim of retaliation does not depend on proof that any status-based discrimination actually occurred." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 460 (2008).

A plaintiff asserting a claim of retaliation may choose to prove her case under either direct or indirect methods of proof. *See Barton v. Zimmer, Inc.*, 662 F.3d 448, 455–56 (7th Cir. 2011); *Weber v. Univs. Research Ass'n, Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). Under the direct

method, the plaintiff must present evidence that (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal connection exists between the protected activity and the adverse action. *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008). Direct evidence equates to an admission of retaliatory conduct. However, causation may also be shown by "presenting a "'convincing mosaic' of circumstantial evidence that would permit the same inference without the employer's admission." *Coleman v. Donahoe*, 667 F.3d 835, 860 (7th Cir. 2012) (internal quotation marks omitted). The Seventh Circuit recognizes three categories of circumstantial evidence: (1) suspicious timing, ambiguous statements, or the like; (2) evidence that similarly situated employees were treated differently; and (3) evidence that the employer offered a pretextual reason for the adverse employment action. *Id.* Ms. Rohler does not present evidence under the indirect method, so the Court will proceed with its analysis under the direct method.

RRNA does not contest that Ms. Rohler engaged in statutorily protected activity by filing the February 2009 lawsuit or that she suffered an adverse employment action when she was terminated in July 2012. Rather, RRNA contends that Ms. Rohler cannot establish a causal connection between the two acts. Primarily, RRNA argues that the filing of the November 2009 lawsuit and Ms. Rohler's termination are so proximately removed that no causal connection can exist. Ms. Rohler seeks to narrow the proximity timeline by pointing to her specific act of filing the "Motion to Add" on July 3, 2012. Her termination occurred within two weeks from the filing date. Additionally, Ms. Rohler argues she was still engaged in protected activity months after her termination, as her appeal to the Seventh Circuit Court of Appeals was not denied until May 2013. Given these facts, the Court does not find that the lack of temporal proximity prevents a causal connection. On the contrary, the close connection in time between the triggering event

and adverse employment action is evidence of suspicious timing. While it is clearly established that "mere temporal proximity between the statutorily protected activity and the action alleged to have been taken in retaliation for that activity will rarely be sufficient in and of itself to create a triable issue," *Harper v. C.R. England, Inc.*, 687 F.3d 297, 308 (7th Cir. 2012) (quotation omitted), in "egregious cases, suspicious timing alone might create a triable issue on causation." *Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 389 (7th Cir. 2012). Such is a rare case. Generally, temporal proximity requires additional evidence to support an inference of a causal link.

For additional evidence, Ms. Rohler points to "suspicious" remarks made by Ms. McCoy during the termination hearing. Ms. Rohler alleges that in essence Ms. McCoy told her that: "1) your lawsuit is over; 2) you are no longer protected; and 3) you can now be terminated." Dkt. 46 at 14. RRNA objects to Ms. Rohler's characterization and affidavit cited to support Ms. McCoy's alleged statements, because it conflicts with prior deposition testimony. At her deposition and in notes taken on July 16, 2012 by Ms. Rohler, Ms. Rohler stated that Ms. McCoy told her she was terminated for violating the Policy, that the investigation into Ms. Rohler's lawsuit was over, and that Ms. Rohler had no reason to be providing RRNA confidential documents to the court. *See* Dkt. 46-2 at 6, 72–73. Ms. Rohler further stated in her deposition that Ms. McCoy did *not* say that Ms. Rohler was "no longer protected," Dkt. 46-2 at 6, 73:1, but that it was Ms. Rohler's interpretation. Dkt. 46-2 at 6, 72:18–21. At best, Ms. McCoy's statement that "the investigation into [Ms. Rohler's] lawsuit was over, and [Ms. Rohler] lost, so there was no reason for [Ms. Rohler] to be providing the data to the court," Dkt. 46-2 at 6, 72:7–10, could be viewed as ambiguous. "[T]he task of disambiguating ambiguous utterances is one for trial, not for summary judgment." *Shager v. Upjohn Co.*, 913 F.2d 398, 402 (7th Cir. 1990).

Ms. Rohler has thus made some showing of suspicious timing and an ambiguous statement. RRNA contends that Ms. Rohler cannot depend upon her "participation," as defined in 42 U.S.C. § 2000e-3(a), to insulate her from discharge. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 745 (7th Cir. 2010) ("But participation doesn't insulate an employee from being discharged for conduct, that, if it occurred outside an investigation, would warrant termination."). Yet the principle in *Hatmaker* requires that an employee's conduct must not be based on a good-faith and reasonable belief that it is in opposition to a statutory violation. *Id.* at 747. RRNA argues that it was unreasonable of Ms. Rohler to violate company policy, and that may be true, but she did not have an unreasonable *belief* in her action of accessing and filing the documents in violation of the Policy.

Ms. Rohler has not presented circumstantial evidence from the third category; specifically that RRNA's reason for her termination was pretextual. RRNA argues that it had a legitimate non-retaliatory reason for firing Ms. Rohler because she committed a serious violation of the Policy. This argument is well taken. However, despite the lack of evidence showing pretext, the remaining circumstantial evidence presented by Ms. Rohler of the suspicious timing and ambiguous statement—when construed in the light most favorable to Ms. Rohler—is sufficient and does support an inference of retaliation. Summary judgment must therefore be **DENIED**.

### 3. Punitive Damages Claim

To support a claim for punitive damages under Title VII, a plaintiff must demonstrate that "the defendant engaged in intentional discrimination 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *EEOC v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, 438 (7th Cir. 2012) (quoting 42 U.S.C. § 1981a(b)(1)).

Here, Ms. Rohler cannot establish her punitive damages claim. Ms. Rohler's only support for her claim is an unsupported belief that RRNA's attorneys advised RRNA to terminate Ms. Rohler. This is insufficient to establish the requisite mental state. Further, Ms. Rohler has done nothing to rebut RRNA's assertion that it maintains good-faith efforts to comply with Title VII. *See id.* (stating that "an employer may avoid vicarious liability for a managerial employee's discriminatory conduct if the employer can show that it engaged in good faith efforts to implement an anti-discrimination policy"). Therefore, Ms. Rohler's claim for punitive damages must be **DISMISSED**.

### 4. RRNA's Counter Claim

On January 30, 2014, Ms. Rohler filed notice with the Court that she paid to RRNA the outstanding bill of costs. Thus, RRNA's Counter Claim is **DISMISSED as moot**.

## C. Motion to Amend Complaint

Finally, Ms. Rohler seeks to amend her complaint under Federal Rule of Civil Procedure 15(a)(2) to plead the *Eggleston* exception. As an initial matter, the Court once again notes a failure to adhere to the Local Rules. Ms. Rohler's motion is contained within her response in opposition to RRNA's motion for sanctions (Dkt. 33). Local Rule 7-1(a) instructs that a "motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." Thus, Ms. Rohler's motion does not comply with the Local Rules and is not properly before the Court and could certainly be denied on that ground. Nevertheless, Federal Rule of Procedure 15(a)(2) reflects a policy that cases should generally be decided on the merits and not on the basis of technicalities. *Stanard v. Nygren*, 658 F.3d 792, 800–01 (7th Cir. 2011).

Considering the motion on its merits, the Court should allow an amendment whenever justice requires. Here, the *Eggleston* exception was fully briefed both in the Motion for Sanctions and Motion for Summary Judgment, and the Court has ruled on the applicability of the exception. The Court finds that while justice does not require that Ms. Rohler be given leave to amend her Complaint *before* the Court decided the pending motions—thus requiring the expenditure of additional resources—under the circumstances of this case, justice does require that Ms. Rohler should be granted leave to amend her complaint to properly plead the *Eggleston* exception, given the Court's ruling. Likewise, it would be prudent for RRNA to amend its answer in response. This course of action will correct the oversights made by both parties in the pleadings. Therefore, Ms. Rohler's motion to amend her complaint is **GRANTED**.

### IV. CONCLUSION

Accordingly, RRNA's Motion for Sanctions (Dkt. 32) is **DENIED**. Ms. Rohler's Motion to Amend Complaint (Dkt. 33) is **GRANTED**. RRNA's Motion for Summary Judgment (Dkt. 38) is **GRANTED in part** and **DENIED in part**. Summary Judgment is **GRANTED** as to Ms. Rohler's punitive damages claim, and that claim is **DISMISSED**. Summary Judgment is **DENIED** as to Ms. Rohler's retaliation claim, and that claim is allowed to **proceed**. Further, Summary Judgment is **DENIED** as to RRNA's Counter Claim and the Counter Claim is **DISMISSED**.

Ms. Rohler is has **fourteen (14) days from the date of this Entry** to amend her Complaint. RRNA will then have **fourteen (14) days** to file its amended answer.

SO ORDERED.

Date: 03/25/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

James F. Ehrenberg, Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

Paul J. Cummings
HENN HAWORTH CUMMNGS
Paul.Cummings@HHCFirm.com

David M. Henn
HENN LAW FIRM P.C.
david.henn@HHCFirm.com