# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA SUE ROHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 1:13-cv-00040-TWP-DML |
| ROLLS-ROYCE NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON MOTION FOR RECONSIDERATION

This matter is before the Court on Defendant Rolls-Royce North America, Inc.'s ("RRNA") Motion for Reconsideration (Filing No. 58) of the Court's Entry on Summary Judgment (Filing No. 52). The Court **GRANTS** the Motion for Reconsideration for purposes of clarification only, however as explained below, the ruling on summary judgment remains.

### I. BACKGROUND

The Court found the following facts undisputed for purposes of summary judgment: Ms. Rohler worked for non-party RRC from August 1999 until November 2008. RRC is a distinct corporate entity and is a subsidiary of RRNA. In September 2008, Ms. Rohler filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") against both RRC and RRNA.

In November 2008, Ms. Rohler transferred from her position at RRC to the position of Senior Financial Analyst with RRNA. Between November 2008 and March 2012, Ms. Rohler received regular salary increases; specifically she went from $89,981 to $100,698 in that time frame. She also received an overall performance rating of "meets required performance" on two written reviews.

Also in November 2008, the EEOC dismissed the charge Ms. Rohler had filed against RRC and RRNA. In February 2009, Ms. Rohler filed a four-count complaint against RRNA and RRC, which alleged that both entities had discriminated and retaliated against her. In March 2012, this Court granted RRNA's and RRC's joint motion for summary judgment on Ms. Rohler's claims. The Clerk of Court also issued a $3,374.25 bill of costs to be paid by Ms. Rohler to RRNA.

After this Court granted summary judgment, Ms. Rohler filed an appeal and began representing herself *pro se*. On July 2, 2012, she filed a "motion to add" exhibits to her appellate record. Included in the exhibits were documents that contained confidential RRNA financial information. The documents had not been requested by Ms. Rohler or produced by RRNA during the action's discovery phase. Ms. Rohler obtained the documents from RRNA's "SAP" centralized database through her position as a Senior Financial Analyst. She did not receive permission to publicly file them in the legal action.

After RRNA learned that Ms. Rohler had filed the confidential documents, she was called into a meeting with her supervisor Pamela White ("Ms. White") and Human Resources Business Partner Tracey McCoy ("Ms. McCoy"). During the meeting, Ms. Rohler admitted to taking the documents from RRNA's SAP database. Ms. McCoy told Ms. Rohler that using her position as an RRNA employee to collect RRNA information in her lawsuit was a serious violation of RRNA's Confidentiality of Company Information Policy ("Policy"). The Policy provides in part:

> You should not use or disclose to any person or entity any company proprietary information acquired during the course of your employment. Also, you should not, directly or indirectly, copy, take or remove from your work site, any of the company's books, records, customer lists or any other documents or materials. . . . If you have any questions about what material is considered company proprietary, ask your supervisor or manager. Improper disclosure of

company proprietary information will lead to disciplinary action, up to and including termination of employment.

Dkt. 40-2 at 16–17. Ms. Rohler was then suspended with pay pending an investigation. On July 13, 2012, Ms. Rohler met with Ms. White and Ms. McCoy. Ms. McCoy reiterated that Ms. Rohler had committed a serious violation of the Policy. Ms. Rohler was then terminated effective the same day.

## II. LEGAL STANDARD

Motions to reconsider serve a limited function, to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). A motion to reconsider is not an occasion to make new arguments. *Granite State Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991).

## III. DISCUSSION

In its previous Entry, the Court held that disputed issues of fact precluded summary judgment on Ms. Rohler's retaliation claim. RRNA challenges the Court's findings that Ms. Rohler's actions of downloading and producing confidential RRNA documents was founded in her good faith participation in a Title VII action, and that a suspicious timing and a suspicious and ambiguous statement created a disputed issue of fact regarding causation.

### A. Participation in Protected Activity

The Court previously found that Ms. Rohler did not have unreasonable belief that filing

RRNA papers in her lawsuit was "in opposition to a statutory violation." Filing No. 52 at 13. The Court cited *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 745 (7th Cir. 2010), for this proposition. RRNA contends the Court mistakenly applied *Hatmaker*'s statement of the law for the opposition clause of 42 U.S.C. § 20003-3(a), as opposed to the participation clause. The Court agrees to an extent: the portion of *Hatmaker* the Court cited did refer to the opposition clause, and the Court used "opposition" language instead of "participation" language. The conflation of the two principles was unintentional and requires reconsideration.

In *Mattson v. Caterpillar, Inc.*, 259 F.3d 885, 889–90 (7th Cir. 2004), the Seventh Circuit addressed whether the participation clause analysis required a good faith or reasonableness requirement. The Court stated in the context of filing complaints of discrimination, "[w]e believe that the same threshold standard should apply to both opposition and participation clause cases. That is, the claims must not be utterly baseless." *Id.* at 891. It went on to unequivocally state, "the good faith, reasonableness requirement applies to all Title VII claims." *Id.* at 892. *Hatmaker* did not discuss this particular statement regarding the participation clause nor apply it under the facts of that case. *Hatmaker* does include a discussion of a subjective measure of reasonableness, as opposed to an objective measure, applied to the opposition clause. RRNA seems to argue that there is no reasonableness requirement in the participation clause analysis; however, one district court in this Circuit has interpreted *Mattson* as holding that there is an objective and subjective prong to the participation clause analysis. *See Nelson v. Realty Consulting Servs., Inc.*, No. 08 C 5219, 2010 WL 3455682, at *3 (N.D. Ill. Aug. 23, 2010). RRNA cited this case for this statement of the law in its Reply to Motion for Summary Judgment (Filing No. 48 at 14), despite its argument on reconsideration that only the opposition clause contains a subjective reasonableness requirement.

The Court finds it important to note, though, that *Mattson* and *Hatmaker* (and subsequent cases) deal with whether a complaint of discrimination or retaliation was baseless or unreasonably made. In *Hatmaker*, the Seventh Circuit referred to plaintiffs making "frivolous accusations," "false charges," complaints made with "retaliatory motives and strategies," complaints based on lies, and "malicious internal complaints." 619 F.3d at 745. In that context, such behavior is objectively unreasonable and it's difficult to imagine a plaintiff could harbor a subjective reasonable and good faith belief in their participation if the participation was false, made with retaliatory motive, or based on lies. This is unlike Ms. Rohler's actions of downloading corporate documents and filing them in an existing lawsuit.

Here, the question is not whether Ms. Rohler's complaint of retaliation or discrimination was reasonable, but whether her production of confidential documents as part of her lawsuit was reasonable. The Court found on summary judgment that it was not objectively reasonable for Ms. Rohler to download confidential RRNA information without permission or a request. RRNA argues that this is the only determination the Court need make, based on *Hatmaker*'s statement that "participation doesn't insulate an employee from being discharged for conduct that, if it occurred outside an investigation would warrant termination." *Id.* It further points the Court to cases from the Sixth and Ninth Circuits, in which plaintiffs who disclosed confidential company information were found to be outside the protection of the participation clause. *See Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721–22 (6th Cir. 2008); *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 762–64 (9th Cir. 1996). In *Niswander*, the Court found it dispositive that the plaintiff disclosed confidential company documents while acknowledging the same documents were *not* relevant to her discrimination case. 529 F.3d at 722. The court stated, "[o]ur analysis would be different if the documents that Niswander had given to her lawyers, and

that they in turn produced to CIC, had reasonably supported her claim of gender-based pay discrimination—or if she reasonably believed that they did." *Id.* In *O'Day*, the plaintiff collected confidential information for his own purposes to prepare for eventual litigation against the company. The Ninth Circuit employed a balancing test and found that the plaintiff's interest in preserving evidence did not outweigh the employer's interest in discouraging this behavior. 79 F.3d at 763. Specifically, the court stated, "we are loathe to provide employees an incentive to rifle through confidential files looking for evidence that might come in handy in later litigation. The opposition clause protects reasonable attempts to contest an employer's discriminatory practices; it is not an insurance policy, a license to flaunt company rules or an invitation to dishonest behavior." *Id.* at 763–64. Both the Sixth and Ninth Circuits touched on the reasonableness of the conduct under the circumstances.

Here it is, at minimum, disputed whether Ms. Rohler was participating in the lawsuit in good faith when she downloaded and filed confidential documents. She testified and told Ms. McCoy that she believed the documents were relevant to the lawsuit. While Ms. Rohler was mistaken, a jury could find it was a reasonable belief. Given that *Hatmaker* did not specifically reach the issue of subjective reasonableness, the Court will continue to hold that Ms. Rohler was engaged in conduct protected by 42 U.S.C. § 20003-3(a).

## B. Causal Connection

The Court held on summary judgment that there was a disputed issue of fact regarding the causation requirement of Ms. Rohler's retaliation claim. Specifically, the Court found Ms. Rohler had produced evidence of suspicious timing and a suspicious and ambiguous statement that a reasonable jury could rely upon to determine unlawful retaliation had occurred. RRNA

urges the Court to reverse this finding because the statement made by Ms. McCoy is not susceptible to multiple interpretations when viewed in context. The Court declines to do so.

Ms. Rohler alleged in her affidavit that Ms. McCoy told her that her "lawsuit was over and [she was] no longer protected." Filing No. 46-1 at 4. At her deposition and in notes taken on July 16, 2012 by Ms. Rohler, Ms. Rohler stated that Ms. McCoy told her she was terminated for violating the Policy, that the investigation into Ms. Rohler's lawsuit was over, and that Ms. Rohler had no reason to be providing RRNA confidential documents to the court. *See* Filing No. 46-2 at 6, 72–73. Ms. Rohler further stated in her deposition that Ms. McCoy did not say that Ms. Rohler was "no longer protected," Filing No. 46-2 at 6, 73:1, but that it was Ms. Rohler's interpretation. Filing No. 46-2 at 6, 72:18–21. The Court finds that Ms. Rohler's interpretation is one a reasonable jury could also reach. It is but one possible interpretation of Ms. McCoy's statement, which means the statement can be viewed as ambiguous. It is also suspicious, in that it directly references Ms. Rohler's participation in her lawsuit as part of the basis for her termination. "[T]he task of disambiguating ambiguous utterances is one for trial, not for summary judgment." *Shager v. Upjohn Co.*, 913 F.2d 398, 402 (7th Cir. 1990). Therefore, this issue should be presented to the jury as trier of fact, for determination.

## IV. **CONCLUSION**

Accordingly, the Court **GRANTS** RRNA's Motion for Reconsideration (Filing No. 58) for purposes of clarification as contained herein. RRNA's Motion for Summary Judgment (Filing No. 38) on Ms. Rohler's retaliation claim remains **DENIED**.

SO ORDERED.

Date: 07/02/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

James F. Ehrenberg, Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

Paul J. Cummings
HENN HAWORTH CUMMNGS
Paul.Cummings@HHCFirm.com

David M. Henn
HENN LAW FIRM P.C.
david.henn@HHCFirm.com