UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAMELA SUE ROHLER also known as PAMELA S. ROHLER, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:13-cv-00040-TWP-DML ) |
| ROLLS-ROYCE NORTH AMERICA, INC., | ) ) |
| Defendant. | ) |

# ENTRY

This matter is before the Court on the parties', Pamela Sue Rohler ("Ms. Rohler") and Rolls-Royce North America, Inc. ("RRNA"), respective Motions in *Limine*. This action is set for jury trial on August 8, 2014, and a Final Pretrial Conference on July 16, 2014. The Court makes the following rulings on the Motions in *Limine*.

## I. LEGAL STANDARD

The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

## II. DISCUSSION

### A. Plaintiff's Motion in *Limine* (Dkt. No. 67)

#### 1. EEOC Determination

Ms. Rohler seeks exclusion of the EEOC's determination of her retaliation charge. She argues such evidence is irrelevant and inadmissible under Federal Rule of Evidence 401. She further argues that the determination has little probative value. RRNA objects to the extent that Ms. Rohler agreed to stipulated facts concerning the dates Ms. Rohler's charge was filed, amended, and ultimately determined by the EEOC. The Court agrees with both parties. In general, "administrative findings regarding claims of discrimination may be admitted under Rule 803(8)(C)." *Young v. James Green Mgmt., Inc.,* 327 F.3d 616, 623 (7th Cir. 2003). The Court retains "significant discretion as to whether such material ought to be admitted." *Id*.

The parties have agreed and stipulated to the authenticity and admissibility of the determination and dates contained within their Stipulation of Fact to which Ms. Rohler has not objected. (Dkt. No. 70). The Court agrees this information is relevant and probative to the issues. With respect to further evidence outside the stipulated facts, the Court does not currently have enough information before it to make a ruling excluding any additional information and that determination must be made at trial. Therefore, Ms. Rohler's motion in *limine* regarding Ms. Rohler's November 12, 2008, EEOC determination **DENIED**.

#### 2. Disciplinary Records, Performance Evaluations, and Testimony Regarding Said Records

Ms. Rohler contends that her performance evaluations and disciplinary records are irrelevant to the determination of retaliation. RRNA argues that Mr. Rohler agreed to stipulated facts regarding her salary increases and bonuses, which were awarded based on performance

evaluations. RRNA further argues that such evidence is relevant because it supports its position that it did not retaliate against Ms. Rohler, but awarded her. To the extent RRNA seeks to introduce evidence consistent with the stipulated facts, the Court **DENIES** Ms. Rohler's motion in *limine*. At present, the Court can find no other relevant basis to allow evidence of Ms. Rohler's disciplinary records, performance evaluations, or testimony regarding such records. Thus the motion in *limine* is **GRANTED** as to matters outside the scope of the stipulated facts.

**B. RRNA'S Motion in *Limine* (Dkt. No. 75)**

**1. Evidence of Claims of Discrimination not raised in Ms. Rohler's Charge or Complaint**

RRNA seeks exclusion of evidence of any charge of discrimination not raised in her EEOC charge or complaint to the Court. Ms. Rohler does not object, and the motion in *limine* is **GRANTED**.

**2. Opinions / Statements from Co-Workers about what Constitutes RRNA Proprietary Information**

RRNA seeks exclusion of testimony from Ms. Rohler's former co-workers about whether the documents attached to her Motion to Add contained proprietary information. It contends that such testimony would lack personal knowledge of the decision-making process leading to Ms. Rohler's termination, is not competent evidence, and is irrelevant to Ms. Rohler's claim against RRNA. Ms. Rohler contends that such evidence is relevant to her subjective belief that her actions were reasonable, and that she had contacted a co-worker for clarification regarding proprietary information. The Court agrees with RRNA. The relevant determination is what the decision-makers considered proprietary information and what Ms. Rohler believed. Testimony from co-workers is not probative of Ms. Rohler's retaliation claim. RRNA's motion in *limine* is

**GRANTED**. If Ms. Rohler can establish relevancy and probative value at trial, the Court will reconsider its ruling.

### 3. RRNA's EEOC Position Statement

RRNA seeks to exclude references to or production of its EEOC position statement. Ms. Rohler contends this evidence is relevant to show that RRNA had notice of her claim and goes against RRNA's affirmative defense that she did not exhaust her administrative remedies. This issue has already been decided by the Court on summary judgment (Dkt. No. 52), and is not an issue for trial. Therefore, the evidence is irrelevant and RRNA's motion in *limine* is **GRANTED**.

### 4. Magistrate Judge LaRue's Entry on Motion to Seal

RRNA seeks exclusion of Magistrate Judge LaRue's ruling on RRNA's motion to seal the documents alleged to be confidential and proprietary as irrelevant. Ms. Rohler contends the ruling is relevant and would support her argument that the information was not confidential and proprietary. The Court agrees with RRNA. The legal standard applied by Magistrate Judge LaRue in a motion in Ms. Rohler's earlier case against RRNA is not relevant to the factual determination to be made by the jury. It would be confusing and misleading to the jury if Ms. Rohler used a magistrate judge's ruling to buttress her case. Therefore, RRNA's motion in *limine* is **GRANTED**.

### 5. Witness Testimony Not Based on Personal Knowledge

RRNA seeks exclusion of witness testimony that is not based on personal knowledge. Ms. Rohler does not object, and so RRNA's motion in *limine* is **GRANTED**.

### 6. Plaintiff Terminating her Counsel in the First Lawsuit

RRNA seeks to exclude evidence regarding why Ms. Rohler terminated her counsel in

the first lawsuit against RRNA. Ms. Rohler argues that RRNA has listed exhibits that reference the first lawsuit, and while she has not objected to the exhibits, she believes them to be irrelevant. She states that if RRNA intends and does introduce evidence about the lawsuit, she "should be allowed to tell her story as well." Dkt. No. 80 at ECF p. 4. The Court finds that the particular evidence RRNA seeks to exclude is irrelevant to the issues, though some evidence of the first lawsuit is highly relevant. Therefore, RRNA's motion in *limine* regarding why Ms. Rohler terminated her counsel is **GRANTED**. The Court will deal with admissibility issues regarding the other evidence as may arise during trial.

### 7. Plaintiff's Request for Attorney's Fees

RRNA seeks to preclude Ms. Rohler from presenting evidence regarding attorney's fees during trial. Ms. Rohler does not object. The proper handling of attorney's fees is by filing a motion with the Court. Thus, RRNA's motion in *limine* is **GRANTED**.

### 8. Size of RRNA

RRNA seeks to exclude evidence about its size and considerable assets, as such evidence would be irrelevant and prejudicial. Ms. Rohler contends this request is ambiguous. The Court agrees that given the claim before the jury, the size and assets of RRNA is not relevant. However, as pointed out by Ms. Rohler, the relationship between Rolls-Royce Corporation, RRNA, and Rolls-Royce North America Holdings, Inc., may be relevant. However, the motion in *limine* does not reach such evidence, and thus is **GRANTED**.

### 9. Size of the Law Firm Representing RRNA

RRNA seeks to exclude evidence regarding the size of the law firm that represents RRNA. Ms. Rohler does not object, and thus the motion in *limine* is **GRANTED**.

### 10. Plaintiff's Claims for Back Pay and Reinstatement

RRNA seeks exclusion of evidence regarding Ms. Rohler's claims for back pay and reinstatement, as these are matters for the Court and not the jury. Ms. Rohler does not object, and thus the motion in *limine* is **GRANTED**.

### III. CONCLUSION

Accordingly, Ms. Rohler's Motion in *Limine* (Dkt. No. 67) is **GRANTED in part** and **DENIED in part**, as described herein. RRNA's Motion in *Limine* (Dkt. No. 75) is **GRANTED** as described herein. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. See *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion in *limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

SO ORDERED.

Date: 07/11/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

James F. Ehrenberg, Jr.
BARNES & THORNBURG LLP
jehrenberg@btlaw.com

Paul J. Cummings
HENN HAWORTH CUMMNGS
Paul.Cummings@HHCFirm.com

David M. Henn
HENN LAW FIRM P.C.
david.henn@HHCFirm.com